Shatjok, J.
The plaintiffs in these several oases presented to the defendant in his official capacity, as Secretary of State, in two cases agreements of consolidation between a domestic and foreign railroad corporations ; in another a similar agreement as to domestic corporations, and in the other a certificate of incorporation, and demanded that he file the same in his office. In accordance with the provisions of the act of February 12, 1889, he demanded the sums prescribed by that act as fees for such official services, whereupon the plaintiffs asserting that the act is invalid, paid the sums demanded under, protest, and they now seek to enjoin the' defendant from paying said money into the treasury of the state as the statute directs. The cases are submitted on demurrers to the petitions.
In some of these cases, we are compelled to assume that the plaintiffs intend to bring suit against the Secretary of State to recover back the sums, so that we may regard the relief here sought as an incident to that, to the end that the money may remain in the hands of the officer until they can recover judgments therefor.
In the arguments, the constitutional validity of the act referred to has been assailed ; but we are not persuaded, that the consideration of any question of such gravity is necessary *209 to the right determination of the cases. After all possible presumptions in aid of the plaintiffs, the injunctions sought are mere incidents to the supposed right to recover back the money paid. They cannot'be granted unless that right exists. The petitions allege that the moneys were demanded by the defendant as a condition to his acceptance of the agreements and certificate for filing, and that they were then paid under protest. But it is familiar law, that cases in which money has been voluntarily paid do not call upon courts to determine whether it was rightfully demanded, because it can in no event be recovered back. Nor does a protest render a payment unvoluntary unless made under circumstances of immediate and urgent necessity that it be paid to preserve an existing right, such as the possession of goods, the liberty of the person or the pursuit of an occupation. It is said that the case of Baker v. The City of Cincinnati, 11 Ohio St. 534, is authority for the conclusion, that the payments in the cases before us were involuntary, for the reason that the parties were not on an equal footing. Whether the doctrine of that case is consistent with that of the recent ease of Whitbeck v. Minch, 25 W. L. B. 136, we need not consider, since the cases before us are broadly distinguishable from Baker v. Cincinnati. The money there demanded by the public officer, was a condition to the delivery of a license without which the plaintiff could not carry on a business which was his natural right, and which was forbidden only by the ordinance which provided for the exaction. In the cases before us the payment was demanded by the defendant in pursuance to the terms of the statute and as a condition to the filing of agreements and certificates which were not necessary to the continued exercise of any right which the plaintiffs theretofore had. Without it, the plaintiff corporations could continue, in the exercise of all the franchises theretofore acquired, and the other plaintiffs could continue in the unrestricted exercise of all their natural rights.
Merrick & Tompkins, Henry Crawford, C. 0. Hunter, for plaintiffs.

J. K. Richards, Attorney-General, contra.

' Counsel for the plaintiff are doubtless correct in the assertion, that although in form the moneys demanded by the defendant were fees for services, they were in fact impositions in behalf of the state. This is not only an inference from the fact that the large sums demanded are'disproportionate to the service rendered, but other provisions of the statute require the seretary to pay the money to the treasurer of state. These suits, therefore, seek to place the secretary of state in the position of an involuntary trustee, and to charge him with the responsibility for the safe keeping of large sums of money in which he has no personal interest, and for whose safe custody in his office no appropriate means are provided. Considerations of policy and justice forbid that a public officer strictly pursuing the line of duty prescribed by the legislature, should be unnecessarily and thus seriously harrassed. These extraordinary proceedings are wholly unnecessary. If, as the plaintiffs claim, the legislature was without power to' prescribe these exactions as conditions to the right of natural persons to become bodies corporate, and of existing corporations to consolidate, it was their plain right, upon tender of the fees prescribed by former statutes and his refusal to accept them and file the agreements and certificates, to institute proceedings in mandamus to compel the performance of that duty. Since they chose not to pursue that course, but instead to make the payment prescribed by the statute, they have waived their right, at least as against the secretary, to contest the power of the legislature to make the imposition.
The demurrers will.be sustained.